supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." *Accord Goluszek v. Smith,* 697 F.Supp. 1452, 1456 (N.D.Ill.1988). Thus, what Locke did to Garcia could not in any event constitute sexual harassment within the purview of Title VII, and hence summary judgment in favor of all defendants was proper on this basis also.

### Conclusion

For the reasons stated above, Garcia's arguments on appeal are rejected and the district court's judgment is accordingly

AFFIRMED.

### ON PETITION FOR REHEARING

(Opinion May 26, 1994, 5th Cir. 21 F.3d 643)

Before JOHNSON, GARWOOD and JOLLY, Circuit Judges.

BY THE COURT:

IT IS ORDERED that appellants' petition for rehearing of our opinion in this case is DENIED, except to the extent that Judge Johnson now concurs only in the judgment.

IT IS FURTHER ORDERED that the motion of appellants to stay consideration and disposition of the petition for panel rehearing filed on July 11, 1994, pending final disposition of *Dupre v. Chevron U.S.A., Inc.,* number 93–3382, is DENIED.

**Leanna M. GRAHAM, Wife of David Graham, individually and on behalf of minor child, Kayla J. GRAHAM and as curator of David Graham, Plaintiffs–Appellants,**

v.

**AMOCO OIL COMPANY, Defendant–Appellee.**

No. 93–3190.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1994.

Alvarez T. Ferrouillet, Ferrouillet & Ferrouillet, Adolph J. Levy, Richard A. Fraser, III Fraser & Sterbcow, New Orleans, LA, David W. Robertson, Austin, TX, for appellants.

Ronald Adams Johnson, David J. Schexnaydre, Johnson, Johnson, Barrios & Yacoubian, P.C., New Orleans, LA, for appellee.

**Shelia Marie BROTHERS, Individually and as Next Friend of Minor Children, Breint Brothers, Roland Brothers, III, and Danrica Brothers; and Roland J. Brothers, Sr., Plaintiffs–Appellants,**

v.

**Johnny KLEVENHAGEN, in His Official Capacity as Sheriff of Harris County, Texas, and Harris County, Texas, Defendants–Appellees.**

No. 93–2453.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1994.

